19 F.3d 40
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas E. COLEMAN, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 94-3018.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1994.
 
 Before MAYER, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Thomas E. Coleman petitions for review of the decision of the Merit Systems Protection Board (Board) in Docket No. CH-0752-93-0430-I-1, dismissing his appeal for lack of jurisdiction. The August 30, 1993 initial decision of the administrative judge (AJ) became the final decision of the Board on October 4, 1993. We affirm, not because the Board lacked jurisdiction, but because petitioner failed to state a claim upon which the Board could grant relief. See Spruill v. Merit Sys. Protection Bd., 978 F.2d 679 (Fed.Cir.1992).
 
 DISCUSSION
 
 2
 Petitioner was employed as a clerk-typist in the radiology department of the Department of Veterans Affairs (agency) Medical Center, North Chicago, Illinois. On January 25, 1993, the agency terminated petitioner's employment as of January 14, 1993. The basis for the termination was an oral resignation which the agency alleged petitioner communicated by telephone to his supervisor on January 14, 1993.
 
 
 3
 Petitioner appealed to the Board alleging that he had not resigned and that the agency's separation action was improper. After a hearing on the matter, the AJ dismissed the appeal as not within the Board's jurisdiction.[1] The AJ found that petitioner voluntarily resigned his employment and therefore was excluded from the adverse action protections set forth in 5 U.S.C. Sec. 7513 (1988), which protections include entitlement to a Board appeal, id. Sec. 7513(d).
 
 
 4
 In his appeal to this Court, petitioner alleges various factual and legal errors in the Board's decision. Although petitioner states that he does not wish to be reinstated in the medical center at North Chicago, he still maintains that he did not resign and that the agency's separation action was improper. Petitioner also asks this Court to mandate that the agency strike, from petitioner's personnel files, statements which petitioner alleges to be incorrect or defamatory.
 
 
 5
 The threshold question raised by the agency is whether there is a case or controversy as required to establish jurisdiction pursuant to Article III of the United States Constitution. See GTE Sylvania, Inc. v. Consumers Union of the United States, Inc., 445 U.S. 375, 382-83 (1980). The agency urges that since petitioner no longer seeks reinstatement in the medical center at North Chicago, there is no actual controversy presented in this suit. We do not agree.
 
 
 6
 Restoration in the same work unit or location from which an employee is wrongfully terminated is not the only remedy which a petitioner may obtain through a successful appeal. If a petitioner is successful in challenging an agency's action, the Board, and consequently this Court, is authorized to order the following: that petitioner be reinstated in another work area or location of the agency; that petitioner be awarded back pay and benefits under 5 U.S.C. Sec. 5596; and that the agency purge its files of all references to the improper action, see Marren v. Department of Justice, 55 MSPR 1, 2-3 (1992). Although petitioner has stated that he does not wish reinstatement in the North Chicago medical center, he has not indicated that he no longer seeks reinstatement at another work area or location of the agency. In fact, petitioner has indicated to the contrary by his May 25, 1993 application for federal employment, in which he did not specify any particular agency or geographic location. Further, petitioner has stated that he seeks to have his record cleared of "discriminatory remarks," which we take to include all record of the agency action from which he now appeals. We believe that these objectives of the petitioner are not precisely the same as those wished by the agency. See GTE Sylvania, 445 U.S. at 383. Thus, the requirements of Article III have been satisfied.
 
 
 7
 As for the merits of petitioner's appeal, we review the Board's decision under a narrow standard, and must affirm unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 8
 The dispositive issue in this case is whether petitioner voluntarily resigned his employment. An employee who voluntarily resigns from his position is excluded from the adverse action protections set forth in 5 U.S.C. Sec. 7513 (1988). See Cruz v. Department of Navy, 934 F.2d 1240, 1244 (Fed.Cir.1991). In this case, the determination of whether or not petitioner resigned turns primarily upon an evaluation of the credibility of the witnesses observed by the AJ. Petitioner testified that he did not resign. Mr. Clarke Caston, petitioner's supervisor, testified that petitioner resigned during the telephone conversation which he (Mr. Caston) had with petitioner on January 14, 1993. In a detailed and thorough decision, the AJ found Mr. Caston's testimony to be more credible than petitioner's, and thus concluded that petitioner voluntarily resigned during his conversation with Mr. Caston on January 14, 1993. Such a credibility determination is "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). In his credibility determination, the AJ carefully identified the factual questions in dispute, summarized the evidence on each disputed issue, stated the version he believed (Mr. Caston's), and explained in detail why he found Mr. Caston's version more credible.
 
 
 9
 Petitioner contends that the AJ improperly failed to consider the following evidence favorable to his contentions: (1) a letter allegedly from petitioner's mother, (2) a hospital record of consent for family and significant other contact, and (3) hospitalization records in the possession of the North Chicago medical center's assistant chief-of-staff. Petitioner asserts that this evidence supports his contention that, at the time he is alleged to have resigned, he intended to continue his employment, but that he had medical problems with which to attend. Petitioner further asserts that this evidence supports his contention that the agency had the means by which to ascertain his intention to continue employment. As for the letter and the hospital consent record, the AJ sustained the agency's objections to both on the bases that petitioner submitted them late and had not served the agency with copies of the documents. We also note that the letter admittedly was prepared by petitioner, and although petitioner contends his mother signed it, the AJ noted that the signature looked like petitioner's handwriting. Therefore, we hold that the AJ properly gave these items no weight in his credibility determination. As for the hospitalization records, we have found no indication from the record that petitioner ever sought to introduce any such records before the AJ. Absent exceptional circumstances which are not present in this case, this court does not consider issues which were not raised before the Board. See Stokes v. Federal Aviation Admin., 761 F.2d 682, 684 n. 1 (Fed.Cir.1985).
 
 
 10
 Petitioner also asserts as error the AJ's failure to require the agency to corroborate Mr. Caston's assertion that petitioner was on a "performance improvement plan" at the time of the alleged resignation. The AJ considered this fact relevant in his credibility determination as it suggested that petitioner was in peril of being removed and, thus, had motivation for resigning. In concluding that petitioner was on a plan, the AJ determined that Mr. Caston's assertion of the existence of the plan was more credible than petitioner's denial of the plan. The AJ was not obligated to require the agency to provide corroborating evidence.
 
 
 11
 Accordingly, we conclude that substantial evidence supports the AJ's conclusion that petitioner has failed to prove facts sufficient to bring him within the adverse action protections of 5 U.S.C. Sec. 7513.[2]
 
 
 
 [1]
 The ground for the Board's dismissal is more accurately a failure to state a claim upon which the Board could grant relief, rather than a lack of jurisdiction. See Spruill, 978 F.2d at 686-89
 
 
 [2]
 Given this result, we have no basis on which to entertain petitioner's request that we order the agency to strike allegedly defamatory and incorrect statements from the record. However, one complaint of petitioner's regarding his personnel file warrants mention. Petitioner's file states that he was "absent without leave" (AWOL) on January 8, 1993 and from January 13, through January 25, 1993. Petitioner, however, has been found to have voluntarily resigned on January 14, 1993. The record of dates in which petitioner was actually AWOL should reflect his voluntary resignation